

08 CIV 5301

Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IBRAMAR HOLDING CO. (S.A.E.),

                Plaintiff,

-v-

                                   **VERIFIED COMPLAINT**

PACIFIC PLUS CO. LTD., and
CORAL RIVER INVESTORS INC.
                Defendants.
------------------------------------------------------------x

      Plaintiff, IBRAMAR HOLDING CO. (S.A.E.) (hereinafter "IBRAMAR"), by its

attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants

PACIFIC PLUS CO. LTD. (hereinafter "PACIFIC PLUS") and CORAL RIVER

INVESTORS INC. (hereinafter "CORAL RIVER"), alleges upon information and belief

as follows:

## JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1331 and 1333.

## THE PARTIES

      2.     At all times material hereto, Plaintiff, IBRAMAR HOLDING CO.

(S.A.E.), was and still is a foreign corporation with an office at 5th Floor, Memphis and

Nahda Street, P.O. Box 460, Port Said, Egypt.

      3.     At all times material hereto, Defendant, PACIFIC PLUS CO. LTD. was and still

is a foreign business entity duly organized and existing pursuant to the laws of a foreign

country, with a principal place of business in Vladivostok, Russia.

4.    At all times material hereto, Defendant CORAL RIVER INVESTORS

INC. was and still is a foreign business entity duly organized and existing pursuant to the

laws of a foreign country, with a principal place of business in Panama City, Panama.

### FACTS AND CLAIM

5.    Upon information and belief, the vessel M/V TRADER was, at all relevant

times, operated by PACIFIC PLUS (hereinafter "Operator").

6.    Upon information and belief, the vessel M/V TRADER was, at all relevant

times, owned by CORAL RIVER (hereinafter "Owner").

7.    At all times relevant to this matter, IBRAMAR was requested, and did act,

on behalf of the M/V TRADER, her Owner and Operator.

8.    On or around November 5, 2006, PACIFIC PLUS, on its own behalf as

Operator and on behalf of CORAL RIVER, as Owner of the M/V TRADER, informed

IBRAMAR that the M/V TRADER had suffered mechanical difficulties and that a tow

was necessary "to safeguard human lives."

9.    At the instruction of, and in reliance upon Defendants assurances that they

would pay for such necessaries and repairs to the vessel, IBRAMAR contacted and

requested the Red Sea Navy to send a tug to assist the distressed vessel.

10.    Prior to the arrival of the rescue tug at the M/V TRADER, the vessel's

crew reportedly had completed certain repairs rendering the tug services unnecessary.

11.    Despite attempting to cancel the rescue tug, IBRAMAR was unable to do

so and/or otherwise avoid the charges for the tug.

12.    Ultimately, despite various attempts to reduce the charges presented by the

Red Sea Navy, IBRAMAR, as local representative of the Owner and Operator of the M/V

TRADER, was required by the Egyptian authorities, pursuant to local law and regulation, to pay the Red Sea Navy USD$60,000.00.

13.     Despite express authorization of payment of this amount by the Owners and Operators, and despite repeated demands for the same, Owners repeatedly have neglected, failed, and/or otherwise refused to pay IBRAMAR the amounts it incurred and paid on behalf of Defendants.

14.     Additionally, pursuant to local law and regulation, IBRAMAR, as local representative for the M/V TRADER, her Owner and her Operator, was required to pay, and did pay, Suez Canal dues for "Change of Tonnage" (USD$3,187.82), "Slow Speed Fine" (USD$12,577.57), "extra canal pilot" (USD$300.00), and "Difference in Mooring and Projector" (USD$1,425.00) on behalf of Defendants, PACIFIC PLUS and CORAL RIVER.

15.     Despite express authorization of payment of this amount by the Owners and Operators, and despite repeated demands for the same, Owners repeatedly have neglected, failed, and/or otherwise refused to pay IBRAMAR.

16.     At present, despite demand for payment of same, the total amount which remains due and owing to IBRAMAR by PACIFIC PLUS and/or CORAL RIVER is an amount not less than USD$77,490.39, plus interest and costs.

## FIRST CAUSE OF ACTION

### *Breach of Contract*

17.     Plaintiff IBRAMAR repeats and realleges each and every allegation set forth in paragraphs one (1) through sixteen (16) as if set forth herein at length.

18.    At the request of Defendants, Plaintiff IBRAMAR undertook to provide necessaries and repair services to the M/V TRADER.

19.    In advance of doing so, Plaintiff requested authorization (and received authorization) to outlay the expense of USD$60,000.00 for tug services and for the repair of the M/V TRADER.

20.    Despite repeated requests for payment (and promises of payment by Owners and Operators), Defendants have neglected, failed, and otherwise refused to pay for the repair and assistance services for the M/V TRADER.

21.    Additionally, as representative for the M/V TRADER, her Owner and Operator, IBRAMAR was required by the local authorities to pay Suez Canal Dues and other expenses incurred by the vessel, her Owner and Operator, as described above, totaling USD$17,490.39.

22.    Despite repeated requests for payment (and promises of payment by Owners and Operators), Defendants have neglected, failed, and otherwise refused to pay for the repair and assistance services for the M/V TRADER.

23.    To date, neither PACIFIC PLUS nor CORAL RIVER has remitted any amount to IBRAMAR despite repeated requests for same and invoices of payment.

24.    As such, Plaintiff seeks damages of $77,490.39, plus interest, costs, and expenses.

## SECOND CAUSE OF ACTION

### *Account Stated*

25.    Plaintiff IBRAMAR repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty-four (24) as if set forth herein at length.

26.    On or about November 30, 2006, IBRAMAR invoiced the Owner and Operator of the M/V TRADER for the outstanding balance of USD$77,490.39 due and owing as more fully recited above.

27.    Owner and Operator have received and retained the invoice from IBRAMAR without objection. More than a reasonable time period has elapsed.

28.    As such, Plaintiff respectfully requests that it should be entitled to a judgment for the amount of USD$77,490.39, plus interest, costs, and expenses.

## THIRD CAUSE OF ACTION

### *Unjust Enrichment / Quantum Meruit*

29.    Plaintiff IBRAMAR repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty-eight (28) as if set forth herein at length.

30.    Plaintiff IBRAMAR paid $77,490.39 (as described above) at the request of, and on behalf of Defendants, for the benefit of said Defendants.

31.    Despite repeated demands for payment for same (and Defendants promises to pay), no payments have been received by Plaintiff.

32.    Defendants have inequitably benefited from their neglect, failure and/or refusal to pay Plaintiff the $77,490.39 it has paid on behalf of Defendants.

33.    Defendants have unjustly received and retained the benefit of the services rendered and the payments made from Plaintiff.

34.    Equity and good conscience require Defendants to reimburse Plaintiff for the costs and the damages of $77,490.39, plus the costs, interest, and expenses of this suit, which Plaintiff has incurred and sustained at the request of, and for the benefit of, Defendants.

## BASIS FOR ATTACHMENT

31.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

32.    Plaintiff believes that some of these assets, to wit:  bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, PACIFIC PLUS CO LTD. and CORAL RIVER INVESTORS INC., and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $116,235.59 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.    That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract);

D.    That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated);

E.    That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit); and

F.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
      June 10, 2008

                                   CHALOS & CO, P.C.
                                   Attorneys for Plaintiff
                                   IBRAMAR HOLDING CO, (S.A.E.)

By:        _____

                                   George M. Chalos (GC-8693)
                                   123 South Street
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (866) 702-4577
                                   Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IBRAMAR HOLDING CO. (S.A.E.),

                                     Plaintiff,                              08 CV

-v-

                                                                      **VERIFICATION OF**
                                                                      **COMPLAINT**

PACIFIC PLUS CO. LTD., and
CORAL RIVER INVESTORS INC.

                                      Defendants.
-----------------------------------------------------------------x

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, IBRAMAR HOLDING CO. (S.A.E.), herein;

2.      I have read the foregoing Verified Complaint and know the contents thereof; and

3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
     June 10, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              IBRAMAR HOLDING CO. (S.A.E.)

By:                        _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com

2